IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| WAKE COUNTY BOARD OF EDUCATION, Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 5:19-CV-497-BO |
| S.K., by and through her parent, R.K., Defendant. | ) ) ) | |

| | | |
|---|---|---|
| RHONDA K., individually and on behalf of S.K., her minor child, Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 5:19-CV-498-BO |
| WAKE COUNTY PUBLIC SCHOOL SYSTEM BOARD OF EDUCATION, Defendant. | ) ) ) ) | |

ORDER

These matters are before the Court on a joint motion by the parties to consolidate these cases.

Both cases arise from state proceedings regarding S.K.'s assertion, through her parent, that the Wake County Board of Education had denied her a free and appropriate education when it failed to provide an appropriate individualized education plan. In the first filed action, the Wake County Board of Education seeks relief from portions of the order of a state hearing review officer. In the second, S.K. and her parent seek attorney fees arising from the state proceeding as the state

hearing review officer ruled in their favor. Both cases were filed in this court on November 6, 2019, and both now proceed before the undersigned.

Rule 42 provides for the consolidation of actions pending before a court if the actions involve common questions of law or fact. Fed. R. Civ. P. 42(a). The Court has broad discretion to consolidate cases pending in this district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). In determining whether to consolidate cases, a court considers the risks of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, as well as the burden on the parties and judicial resources including the length of time required to conclude multiple suits and the relative expense to all concerned. *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

These cases plainly involve common questions of law and fact, and efficiency dictates that they proceed as one action. The motion to consolidate is GRANTED. The above-listed cases are hereby CONSOLIDATED for the purposes of discovery and motions filing. If necessary, the Court will consider at the appropriate time whether the cases should continue to be consolidated for the purposes of trial.

All future filings shall be made only in the first filed action, No. 5:19-CV-497-BO, which is designated as the lead case. All future filings shall reflect the case caption for each of the consolidated cases, as above, with the notation that the matter is proceeding as a consolidated action. The clerk is DIRECTED to enter this order in each of the now-consolidated cases; future orders shall be entered only in the lead case unless otherwise directed.

Finally, the clerk is DIRECTED to, after the entry of this order, remove case No. 5:19-CV-498-BO from the Court's active docket. The clerk shall return that case to the active docket on order of the Court, including for purposes of the entry of judgment.

SO ORDERED, this 24 day of January, 2020.

                                                                                               TERRENCE W. BOYLE
                                                                                               CHIEF UNITED STATES DISTRICT JUDGE